UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| James Lamb, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:10-CV-187 JVB ) |
| Roll Coater, Inc., | ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff James Lamb sued Defendant Roll Coater, Inc., alleging retaliatory discharge after he filed for leave under the Family Medical Leave Act ("FMLA"). Defendant argues that it terminated him for failing to meet its legitimate expectations when he failed four drug tests. Defendant moved for summary judgment. Having reviewed the parties' briefs, the Court finds no genuine issues of material fact and grants Defendant's Motion.

**A. Standard of Review**

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Trust. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50 (1986).

**B.  Statement of Facts**

Plaintiff James Lamb worked for Defendant Roll Coater, Inc., and was also a member of the United Steelworkers of America AFL-CIO-CLC, Local No. 1191-14. Defendant fired Plaintiff in February 2009 after he tested positive for marijuana. The Union filed a grievance, and Defendant reinstated Plaintiff. As part of the last chance agreement, Plaintiff agreed to be randomly drug tested for eighteen months and to not test positive for drugs during that period. If Plaintiff violated this agreement, Defendant could terminate him.

Despite understanding the terms of this agreement, Plaintiff tested positive for marijuana in April, May, and June 2009. After the June test, Defendant contacted Dr. Wohlrab. Dr. Wohlrab explained that Plaintiff could only have tested positive in June if he was still using marijuana. Defendant sent Dr. Wohlrab's report to Plaintiff and gave Plaintiff an opportunity to refute the Doctor's assessment. Plaintiff explained that he had not been using marijuana since his February test, but did not provide evidence to support his claim.

After failing the June 2009 drug test, Plaintiff requested and received FMLA leave paperwork. Defendant asserts that it had previously granted Plaintiff FMLA leave every time he was eligible. However, at this time, Plaintiff did not return the paperwork before Defendant fired him on July 10, 2009, for violating the terms of his last chance agreement. Plaintiff asserts he was terminated because of the FMLA request.

**C. Discussion**

Plaintiff's claims do not survive Defendant's motion for summary judgment because Plaintiff's response is too vague to create a reasonable inference that Defendant discriminated against him in violation of the FMLA.[1]

Under Federal Rule of Civil Procedure 56, a party must oppose a motion for summary judgment by providing particular facts:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.

Fed. R. Civ. P. 56(C)(1)(a). Additionally, "an affidavit or declaration used to . . . oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(C)(4).

Plaintiff's response brief does not provide that his assertions were based on his personal knowledge, or that Plaintiff is competent to testify to the facts contained in the response. The response also does not reference any discovery materials such as affidavits to support his assertions. Although the Court is considerate of Plaintiff's *pro se* status, "this does not mean that the Court, in considering materials filed in opposition to a motion for summary judgment, should overlook the requirement of Federal Rule of Civil Procedure 56(e) that affidavits be made on personal knowledge and set forth facts as would be admissible in evidence." *Lathrop v. Juneau & Assoc., Inc.*, 2005 WL 3797706, *5 (S.D. Ill. April 25, 2005) (quoting *Reed v. Richards*, 1994 WL 259662, *4 (7th Cir. 1994)); *see also Jameson v. Jameson*, 176 F.2d 58, 60 (D.C. Cir. 1949) ("Affidavits filed by a party . . . in opposition to a motion for summary judgment must present evidence.

---

[1] Plaintiff submits only a one page handwritten response brief. This brief does not contain legal analysis, nor does it cite to precedent cases.

The affidavits should follow 'substantially the same form as though the affiant were giving testimony in court.'").

However, Plaintiff's claim fails on its merits as well.

**(1) Family Medical Leave Act Claim**

To succeed on a Family Medical Leave Act ("FMLA") claim, a plaintiff must establish a *prima facie* case of retaliation under the direct or indirect method. Under the direct method, a plaintiff must establish that: (1) he engaged in protected activity; (2) he experienced a materially adverse action; and (3) a causal connection exists between his protected activity and the adverse action. *Caskey v. Cogate Palmolive Co.*, 535 F.3d 585, 593 (7th Cir. 2008). Alternatively, under the indirect method, a plaintiff must establish that he: "'(1) engaged in a statutorily protected activity; (2) met [the defendant's] legitimate expectations; (3) suffered an adverse employment action; and (4) was treated less favorably than similarly situated employees who did not engage in statutorily protected activity.'" *Id.* (quoting *Nichols v. S. Ill. Univ.-Edwardsville*, 510 F.3d 772, 784–85 (7th Cir. 2007)). If the employee establishes a *prima facie* case, "'the burden shifts to the employer to produce a non-discriminatory reason for its action; if the employer meets this burden, the burden shifts back to the employee to demonstrate that the proffered reason is pretextual.'" *Id.* (quoting *Nichols*, 510 F.3d at 785).

Under the direct method, Plaintiff cannot establish the causation element. Although he was terminated shortly after requesting FMLA leave, the termination also occurred after his fourth failed drug test in five months. Before the drug tests, Defendant

granted Plaintiff's FMLA requests every time he was eligible for leave. However, this was the only time Plaintiff requested leave after failing the drug tests.

Plaintiff's claim fares no better under the indirect method. Plaintiff has not shown that he met Defendant's legitimate employment expectations or that he was treated less favorably that similarly situated employees. Defendant has a legitimate expectation that its employees will pass random drug tests, especially when those tests are part of a last chance agreement. Plaintiff failed these legitimate expectations when he failed the four drug tests in five months. Furthermore, Plaintiff does not provide any evidence of similarly situated employees, let alone similarly situated employees whom Defendant treated more favorably. Thus, he cannot meet this element of the indirect method either.

Even if Plaintiff were able to establish a *prima facie* case, he has presented no evidence that Defendant's proffered reason for his termination—four failed drug tests—was a pretext for retaliation. Without such evidence, Plaintiff clearly fails as a matter of law. This Circuit has repeatedly affirmed the notion that an employer may terminate an employee for a lawful reason regardless of FMLA requests. *See Clay v. City of Chi. Dep't of Health*, 143 F.3d 1092, 1094 (7th Cir. 1998); *Serio v. Jojo's Bakery Rest.*, 102 F. Supp. 2d 1044, 1051 (S.D. Ind. 2000) (allowing employers to dismiss employees for lawful reasons regardless of when they filed FMLA requests).

**(2) Breach of Contract Claim**

Defendant also alleges that Plaintiff cannot bring a state breach of contract claim because it is preempted by federal law. However, it is not clear from Plaintiff's complaint that he is even arguing a breach of contract claim under federal or state law.

6

He also does not mention this claim in his response brief.  If he does allege such a claim, Defendant correctly notes that a claim is completely preempted by § 301 of the Labor Management Relations Act.  *See Nelson v. Stewart*, 422 F.3d 463, 467 (7th Cir. 2005) ("The Supreme Court has applied the complete preemption doctrine in cases that raise claims preempted by section 301 of the LMRA.").  Additionally, Plaintiff cannot succeed on a § 301 claim because he did not sue the union for its breach of the duty of fair representation.  *See Nemsky v. ConocoPhillips Co. & Int'l Union of Operating Eng'rs, Local 399*, 574 F.3d 859, 864 (7th Cir. 2009) (explaining that suits against the union and employer for a breach of the CBA are "inextricably interdependent").  Again, it is not clear Plaintiff brings these claims, but to the extent he does, they must fail.

### D.  Conclusion

For the foregoing reasons, Defendant's motion for summary judgment on the FMLA claim and any breach of contract claims are granted.

SO ORDERED on January 27, 2012.

                                         S/ Joseph S. Van Bokkelen
      JOSEPH                        S. VAN BOKKELEN
                                    UNITED STATES DISTRICT JUDGE